UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                    ORDER

MICHAEL GLOVER,                        No. 11-CR-629-3 (CS)

                      Defendant.
-------------------------------------------------------x

Seibel, J.

       Before the Court is Defendant Michael Glover's motion for reduction of sentence, which I interpret to invoke 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (ECF No. 505), and the Government's opposition thereto, (ECF No. 508).

       On January 2, 2013, Defendant was sentenced principally to 180 months' imprisonment, the mandatory minimum applicable to his offenses. (ECF No. 189.) He was sentenced to ten years for narcotics conspiracy and five years, to run consecutively, for using and carrying a firearm in connection with the narcotics conspiracy. (*Id.*) At his sentencing, the Government, defense counsel and the Court were all aware that he had served 22 months for state charges that were part of the conduct for which he was indicted federally. (*See* ECF Nos. 144, 166 at 9, 183, 201 at 6.) I did not think I was at liberty to give Mr. Lucas credit toward his federal sentence for that time, and the Second Circuit agreed. *See United States v. Lucas*, 745 F.3d 626 (2d Cir. 2014).

       A court may modify a defendant's sentence upon a motion of either the Director of the Bureau of Prisons ("BOP") or the defendant, but in the latter case only "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).  While this exhaustion requirement is not jurisdictional, it is a a mandatory claim-processing rule "that must be strictly enforced when properly invoked." *United States v. Board*, No. 16-CV-3259, 2022 WL 2079742, at *6 (E.D.N.Y. June 9, 2022).

If a motion under 18 U.S.C. § 3582(c)(1)(A) is exhausted, I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission.  Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community.  Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.  But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).  "[A] mandatory minimum sentence does not preclude a district court from reducing a term of imprisonment on a motion for compassionate release." *United States v. Halvon*, 26 F.4th 566, 570 (2d Cir. 2022).  "The defendant bears the burden of showing that the circumstances warrant a sentence reduction."

*United States v. Jacques*, No. 20-3276, 2022 WL 894695, at *1 (2d Cir. Mar. 28, 2022) (summary order).

Defendant does not purport to have exhausted by making application to the warden of his facility, and the Government represents that the BOP has no record of any such application. Accordingly, I am without authority to grant the motion.

Even if Defendant had exhausted, I would deny the motion. The only basis he cites for his application is the case of his co-defendant Terrell Lucas, whose sentence I reduced based on a constellation of factors, including that he had served 30 months on state charges that were related to the federal offenses but were discharged, and thus he could not get credit for them because of the mandatory minimums that applied. I had been troubled by that fact at the time of sentencing, and that fact, combined with other mitigating factors, amounted to extraordinary and compelling circumstances. His recent good behavior, maturity and insight convinced me that those circumstances outweighed the seriousness of the offense and the other factors set forth in 18 U.S.C. § 3553(a). (ECF No. 479.) I similarly reduced co-defendant James Hardy's sentence based on several factors, including my inability at the time of sentence to credit him for time served on state charges for related conduct. (ECF No. 493.) I denied a similar motion from a co-defendant James Glover because in his case, I could have given a lower sentence had I wanted to, and because the § 3553(a) factors dictated denial.

Defendant's case is significantly different from Mr. Lucas's and Mr. Hardy's. Defendant here does not point to anything other than his discharged terms of imprisonment,[1] whereas the

---

[1] Defendant's application seeks "reduction of sentence on undischarged terms of imprisonment," (ECF 505), but because he then cites Mr. Lucas' case, (*id.*), I believe he meant "discharged terms."

3

other two rested their applications on a number of factors in addition to discharged terms, which I found to amount to extraordinary and compelling circumstances in combination.  In addition, in Defendant's case I made clear that I would *not* have given him a lower sentence had my hands not been tied by the mandatory minimums.  (ECF No. 201 at 13-14.)  Finally, and perhaps most significantly, Defendant has an abysmal and recent disciplinary history in prison.  He has a total of 36 incidents, including 8 in the last year.  (ECF No. 508-1.)  Even if the discharged terms alone amounted to extraordinary and compelling circumstances, which I do not find, Defendant's poor conduct in prison, along with the other § 3553(a) factors discussed in the Government's submission, (*see* ECF No. 508 at 5-6), would lead me to deny the motion.

      The Clerk of Court is respectfully directed to send a copy of this Order to Michael Glover, Reg. No. 65571-054, FCI Terre Haute, Federal Correctional Institution P.O. Box 33, Terre Haute, IN  47808.

Dated:  June 5, 2023
       White Plains, New York

*Cathy Seibel* (signature)
_____
CATHY SEIBEL, U.S.D.J.