UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-　　　　　　　　　　　　　　　　　　　ORDER

MICHAEL GLOVER,　　　　　　　　　　　　　　　　11-CR-629-3 (CS)

        Defendant.
---------------------------------------------------------x

Seibel, J.

    Before the Court is Defendant Michael Glover's second motion for reduction of sentence under 18 U.S.C. § 3582(c)(1), known as "compassionate release."  (ECF No. 515), and the Government's opposition thereto, (ECF No. 522).  Familiarity with prior proceedings in the case and my prior rulings is assumed.

    Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission.  Policy Statement 1B1.13 also permits a sentence reduction for extraordinary and compelling reasons, and additionally requires that the Defendant not be a danger to the safety of any other person or the community.  *See* U.S.S.G. § 1B1.13(a), p.s.  The Policy Statement, as amended, *see United States v. Feliz*, No. 16-CR-809, 2023 WL 8275897, at *4 (S.D.N.Y. Nov. 30, 2023),[1] identifies

---

[1] I agree with the court in *Feliz*, which found that the November 1, 2023 amendments to Policy Statement 1B1.13 have harmonized the Policy Statement with the First Step Act; that *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), therefore does not apply to the new version of Policy Statement 1B1.13; and that "[a]ccordingly, to grant a motion for compassionate release, a court must now, in addition to finding that the other elements of the compassionate release standard are satisfied, also find that granting such relief is consistent with Policy Statement 1B1.13." 2023 WL 8275897, at *4 (internal quotation marks and citations omitted).  But the outcome here would be the same even under *Brooker* and the old version of 1B1.13.

as extraordinary and compelling certain circumstances relating to medical condition, age, family, and prison abuse, as well as any other circumstances (or combination thereof) of similar gravity. *See* U.S.S.G. § 1B1.13(b)(1)-(5).  It further provides that changes in the law are not be considered for purposes of determining whether extraordinary and compelling circumstances exist (although they may be considered in determining the extent of a reduction if the movant otherwise establishes such circumstances), unless a defendant has served ten years of an unusually long sentence that a change in the law (other than a Guidelines amendment that has not been made retroactive) renders grossly disparate compared to what would be imposed today.  *See* U.S.S.G. § 1B1.13(b)(6), (c).  The policy statement also provides that rehabilitation alone is not an extraordinary and compelling circumstance, but may be considered in combination with other circumstances in determining whether and to what extent a sentence reduction is warranted.  *See id.* § 1B1.13(d); *see also* 28 U.S.C.A. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").  "The defendant bears the burden of showing that the circumstances warrant a sentence reduction." *United States v. Jacques*, No. 20-3276, 2022 WL 894695, at *1 (2d Cir. Mar. 28, 2022) (summary order).

      I assume for purposes of the motion that Defendant has exhausted administrative remedies.  I also assume that, as he argues, the prior conviction that permitted the Government to file a prior felony information ("PFI") pursuant to 21 U.S.C. § 851 would not support a PFI today, in light of the First Step Act's new requirements.  *See* 21 U.S.C. §§ 841, 802(57).  But that change in the law does not render his sentence "grossly dispar[ate]" to the sentence he would receive today, U.S.S.G. § 1B1.13(b)(6), for two reasons.

First, as I found at sentencing, (*see* ECF No. 201 at 13-14), and in my prior order, (ECF No. 509), which I incorporate herein, the sentence I imposed was the sentence I would have imposed even absent the fifteen-year mandatory minimum (in other words, even without the PFI).  Second, there is no reason to believe the Government would have offered Defendant a plea to anything less than a fifteen-year mandatory minimum.  Defendant's original charges were for a drug charge under 21 U.S.C. § 841(b)(1)(A) carrying a ten-year mandatory minimum, which would have been twenty based on the PFI, and a gun-discharge charge under 18 U.S.C. § 924(c)(1)(A)(iii) carrying a ten-year mandatory consecutive sentence.  The Government came off that thirty-year mandatory minimum, allowing Defendant to plead to a drug charge under 21 U.S.C. § 841(b)(1)(B) carrying a five-year mandatory minimum, doubled to ten, and a gun-possession charge under 18 U.S.C. § 924(c)(1)(A)(i) carrying a five-year mandatory consecutive sentence.  If Defendant were prosecuted today, the Government could have achieved the same fifteen-year mandatory minimum without a PFI, by sticking with the ten-year drug charge and reducing only the gun charge.  Defendant has not shown that there is a gross disparity between the sentence Defendant received and what he would receive today.

Nor do the other factors to which Defendant points warrant a reduction, singly or in combination with one another and his PFI argument.  *See* U.S.S.G. §§ 1B1.13(b)(5) (allowing consideration of circumstances or a combination of circumstances similar in gravity to those set forth elsewhere in the Guideline). He has not established any of the categories of medical reasons set forth in U.S.S.G. § 1B1.13(b)(1), nor has he shown any serious adverse health consequences from his housing assignment, or even that the conditions to which he points existed during his presence at FCI Butner.  In any event, based on the records he supplied, his medical conditions

are receiving appropriate attention.  Finally, while I am glad to hear that Mr. Glover has reconnected with certain family members, he has apparently done nothing in terms of his education since his last motion, but has accrued four more disciplines, on top of the 36 he had a year ago.  He has not demonstrated that he is rehabilitated or prepared to be law-abiding if he were released.   I thus find no extraordinary and compelling reasons exist here.

Even if they did, for the reasons set forth in my prior Order, (ECF No. 509), and in the Government's opposition, the § 3553(a) factors continue to militate against a sentence reduction.

For the reasons stated above, the motion is denied.  The Clerk of Court is respectfully directed to terminate ECF No. 515 and to send a copy of this Order to Michael Glover, No. 65571-054, FCI Butner Medium II, Federal Correctional Institution, PO Box 1500, Butner, NC 27509.

Dated: April 30, 2024
       White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.